# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHERYL LANHAM, widow of
DAVID LANHAM (deceased),
Claimant Below, Petitioner**

**vs.)   No. 18-0823** (BOR Appeal No. 2052674)
(Claim No. 2014006639)

**UNITED COAL COMPANY, LLC,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sheryl Lanham, widow of David Lanham, by Counsel James R. Fox, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by Counsel H. Toney Stroud, filed a timely response.

There are two issues in this claim: 1) whether the claim is entitled to the statutory presumption set forth in West Virginia Code § 23-4-8c(b) (2018); and 2) whether occupational pneumoconiosis was a material contributing factor in the decedent's death. By Order dated January 12, 2016, the claims administrator denied Mrs. Lanham's application for fatal dependent benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order on January 29, 2018. Mrs. Lanham also appeals an interlocutory Order dated December 10, 2014, from the Office of Judges, which held that the claim is not subject to the presumption set forth in West Virginia Code § 23-4-8c(b). This appeal arises from the Board of Review's Final Order dated August 21, 2018, in which the Board affirmed the Office of Judges' decisions dated December 10, 2014, and January 29, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The decedent, David Lanham, passed away on August 29, 2011. Thereafter, his widow, Sheryl Lanham, completed an application for fatal dependent's benefits on February 25, 2013, and

1

argued that occupational pneumoconiosis was a contributing factor in her husband's death. The application stated that Mr. Lanham worked in underground coal mining from the late 1970's until 2011. He last worked for United Coal Company as a roof bolter operator from August 16, 2010, until February 2, 2011. Attached to the application was a copy of the decedent's death certificate and marriage certificate, along with income tax returns and W-2 statements. A copy of the autopsy report completed by Fulvio R. Franyutti, M.D., on September 1, 2011, was also attached to the application. In the autopsy report, Dr. Franyutti diagnosed Mr. Lanham with mild pneumoconiosis and noted that he appeared to have significant inhalation or exposure to silicates or components from coal.

A claim decision was issued by the claims administrator on July 29, 2013, denying the application for benefits because it could not be determined from the information received if the exposure requirements were met in accordance with West Virginia law. The decision was based on the application for benefits along with the attachments, the Employer's Report of Occupational Pneumoconiosis, and income tax returns from 2006 to 2010. Mrs. Lanham protested the claims administrator's decision.

By Decision dated December 10, 2014, the Office of Judges reversed the claim administrator's Order and held the claim compensable on a nonmedical basis not subject to the presumption of West Virginia Code § 23-4-8c(b) with a date of last exposure of August 3, 2011, and United Coal Company listed as the chargeable employer. The Office of Judges found that the evidence demonstrated that Mr. Lanham more likely than not had the requisite exposure of five of the fifteen years from February 2, 1996, to February 3, 2011, to allow a claim for dependent benefits. The Office of Judges also determined that the evidence established that Mr. Lanham had sixty days of continuous exposure with United Coal Company. However, it was reasoned that the evidence was not sufficient to entitle the decedent to the statutory presumption. The Office of Judges concluded that there was insufficient evidence to satisfy the requisite time of exposure for entitlement to the presumption. The claim was referred to the Occupational Pneumoconiosis Board ("OP Board") to determine whether occupational pneumoconiosis was a material contributing factor to Mr. Lanham's death.

The Occupational Pneumoconiosis Board issued a report dated November 17, 2015, which listed all of the medical evidence it reviewed in making its determination and opined that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death. Based upon the Board's report, the claims administrator denied Mrs. Lanham's claim for dependent benefits on the basis that the Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death. Mrs. Lanham protested the claims administrator's decision.

In support of her protest, Mrs. Lanham submitted an affidavit from Dr. Franyutti, along with his Report of Autopsy, dated September 1, 2011. In his report, Dr. Franyutti diagnosed bilateral diffuse extensive pleural fibrosis with focal anthraco-silicotic nodules; mild pneumoconiosis, pulmonary emphysema; bilateral parietopleural adhesions; bilateral pleural effusions; bronchopneumonia; and a history of cancer of the esophagus and stomach with

metastasis and chemotherapy. In his affidavit, Dr. Franyutti opined that Mr. Lanham had occupational pneumoconiosis that was a substantial, material factor in causing his death.

United Coal Company, LLC, submitted an April 3, 2017, report of Everett Oesterling, M.D., who reviewed the autopsy report and slides, the affidavit of Dr. Franyutti, and additional materials. Dr. Oesterling found a very low level of disease process and limited structural change due to coal dust, and stated that without more structural change, dust would not have produced lifetime disability. Dr. Oesterling determined that Mr. Lanham's pneumonia was due to his failing heart and metastatic tumor, not coal dust and pleura changes. Dr. Oesterling stated that Dr. Franyutti's determination of progressive massive fibrosis was "totally inaccurate" because none of the slides had multiple nodules and there was no confluence of nodules demonstrated. Dr. Oesterling concluded that without more significant alterations in structure, coal dust did not contribute to, hasten or cause the decedent's death. United Coal also submitted the April 3, 2017, report of Gregory Fino, M.D. Dr. Fino reviewed the medical record and found that Mr. Lanham had simple pneumoconiosis which did not cause, contribute to, or hasten his death. Dr. Fino stated that Mr. Lanham died as a result of metastatic esophageal cancer and would have died regardless of coal dust exposure.

An OP Board hearing was held on January 3, 2017. The OP Board reviewed the autopsy report of Dr. Franyutti and the death certificate. It was the OP Board's opinion that occupational pneumoconiosis was not a material contributing factor to Mr. Lanham's death. The OP Board also was of the opinion that there was no medical evidence that pneumoconiosis delayed the diagnosis of esophageal cancer, nor did it hamper treatment of Mr. Lanham's cancer.

By Order dated January 29, 2018, the Office of Judges affirmed the denial of dependent benefits. The Office of Judges found that the OP Board fully articulated the basis for its findings and its agreement with the reports of Dr. Oesterling and Dr. Fino in finding that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death. Mrs. Lanham appealed to the Board of Review.

On August 21, 2018, the Board of Review affirmed the Office of Judges' decision and found that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death. The Board of Review noted that even if Mr. Lanham were entitled to the statutory presumption, the result in the claim would not change. The Board of Review found that it is undisputed that Mr. Lanham had occupational pneumoconiosis at the time of his death. However, the Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The evidence of record does not establish that the decedent is entitled to the presumption. The medical evidence in this case supports the position that occupational pneumoconiosis was not a material contributing factor in Mr. Lanham's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 3, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**
Justice John A. Hutchison